UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY E. SIMMONS,                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   No. 4:12-CV-1346-JCH
                                   )
GARY SELBERT, et al.,              )
                                   )
        Defendants.                )

# MEMORANDUM AND ORDER

This matter is before the Court upon the application of Anthony E. Simmons for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee, and therefore, plaintiff will be granted leave to proceed in forma pauperis. Furthermore, based upon a review of the complaint and supplement, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint and Supplement**

Plaintiff, a resident at the Southeast Missouri Mental Health Center ("SMMHC") seeks monetary relief in this action against SMMHC employees Gary Selbert, Unknown Reddy, Unknown Leigh, Martha Degonia, David A. Miller, Erica Woffard, Beth Turner, and Lisa Sweeney. Plaintiff alleges that he is not being allowed to have oil, incense, four water buffalo teeth, and numerous other items in order to practice his religion, "voodoo hoodoo."

2

Although plaintiff does not state the basis for filing this action in Federal Court, the complaint will be liberally construed as having been brought under 42 U.S.C. § 1983.[1]

**Discussion**

Plaintiff is suing defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court finds that the complaint is legally frivolous as to all named defendants, because plaintiff does not set forth any facts indicating that they were directly involved in or personally responsible

---

[1] To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that plaintiff has insufficiently alleged diversity of citizenship. *See* 28 U.S.C. § 1332.

for the violation of his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

For these reasons the Court will dismiss this action pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of August, 2012.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**